**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**RENEE ZAMBA-HILLS,**

       **Plaintiff,**

**v.**                                    **CASE NO. 3:05-cv-285-J-16MMH**

**COOKE TRUCKING COMPANY, INC.,**
**and COOKE TRANSPORTATION**
**SERVICES, INC.,**

       **Defendants.**

_____ /

**<u>CASE MANAGEMENT AND SCHEDULING ORDER</u>**

      This cause came on for consideration concerning completion of discovery and the scheduling of pre-trial procedures and trial, and the Court having reviewed the case file in this matter, it is

      ORDERED:

      1.    The parties are directed to meet the terms and time limits as noted below:

      (a)    The deadline for joinder of third parties shall be **December 16, 2005**.

      (b)    All discovery shall be completed no later than **April 28, 2006.**

      (c)    All potential dispositive motions shall be filed no later than **June 15, 2006.**

      2.    Parties are further directed to meet the pretrial disclosure requirements and deadlines in Fed. R. Civ. P. 26(a)(3) and to timely adhere to all requirements in Local Rule 3.06 concerning Final Pretrial Procedures.

      3.    Motions to amend any pleading or a motion for continuance of any pretrial conference, hearing, or trial filed after issuance of this Case Management and Scheduling Order are disfavored. [See Local Rule 3.05(c)(2)(E) and Local Rule 3.05(c)(3)(D).]

      4.    A pre-trial conference will be held at **<u>10:00 a.m. on Thursday, August 17, 2006,</u>** in  Courtroom 12D, Twelfth Floor, United States Courthouse, 300 North Hogan Street, Jacksonville, Florida.

5.      In order that the intended purposes of the pre-trial procedure are accomplished, all meetings of counsel, including the pre-trial conference, shall be attended by counsel who will participate in the trial of the case and is vested with full authority to make and solicit disclosures and agreements touching all matters pertaining to the trial.

6.      A pretrial stipulation shall be filed with the Clerk of the Court **on or before August 10, 2006**, and two Courtesy Copies thereof shall be provided to the Court.

7.      The lead attorneys for all parties are further directed to meet together by agreement, instigated by counsel for the plaintiff, no later than two weeks before the date that the pretrial stipulation is required to be filed to accomplish the following:

(a)      discuss the possibility of settlement;

(b)      stipulate to as many facts and issues as possible;

(c)      prepare a pretrial stipulation in accordance with this Order;

(d)      examine all exhibits and documents proposed to be used at the trial;

(e)      furnish opposing counsel the names and addresses of all witnesses whom you actually intend to call at trial;

(f)      review all depositions which are to be offered for any purpose other than impeachment to resolve objections to the portions to be offered in evidence;

(g)      complete all other matter which may expedite both the pretrial and trial of this case.

The pretrial stipulation shall contain:

(h)      the basis of federal jurisdiction;

(i)      a concise statement of the nature of the action;

(j)      a brief, general statement of each party's case or contentions;

(k)      a list of all witnesses who will be called at the trial;

(l)      a list of all exhibits (identified with specificity) with statement of objections thereto including depositions to be read at trial, with specific page numbers of portions to be offered in evidence; all exhibits to which no objection is noted shall be admitted, without objection except as to relevance at the trial of this case;

(m)      a concise statement of those facts which are admitted and will require no proof at trial, together with any specific reservations directed to such admissions;

(n)     a concise statement of those issues of law on which there is agreement;

(o)     a concise statement of those issues of fact which remain to be litigated;

(p)     a concise statement of those issues of law which remain for determination by the Court;

(q)     a list of all motions or other matters which require action by the Court;

(r)     a concise statement of any disagreement as to the application of rules of evidence or of the Federal Rules of Civil Procedure;

(s)     an estimated length of trial; and

(t)     the signatures of counsel for all parties.

8.     This case is set for jury trial during the trial term commencing **Tuesday, September 5, 2006**, in Courtroom 12D, Twelfth Floor, United States Courthouse, 300 North Hogan Street, Jacksonville, Florida.

9.     Pursuant to Paragraph Eight of the Case Management Report, in the event the parties later agree to participate in court annexed mediation, counsel for the plaintiff is directed to consult with opposing counsel and attempt to select a mediator and arrange a time, date and location for a mediation conference, and advise the Court at the appropriate time, if an order referring the case to mediation is requested.

10.     FAILURE TO COMPLY WITH THE REQUIREMENTS OF THIS ORDER WILL SUBJECT THE PARTY OR ATTORNEY TO APPROPRIATE SANCTIONS UNDER THE RULES, AND MAY RESULT IN DISMISSAL OR STRIKING OF ALL PLEADINGS OF THE FAILING PARTY OR PERSON.

**BY ORDER OF THE COURT**, in Jacksonville, Florida, this 19th  day of July, 2005.

Copies to:

- Counsel of record
- Jury Administrator

JOHN H. MOORE II
United States District Judge